# EXHIBIT A

ORIGINAL

SSC −1

1   Jeff Bolender (SBN174423)
    **BOLENDER LAW FIRM, PC**
2   2276 Torrance Blvd.
    Torrance, CA 90501
3   Telephone: (310) 320-0725
    Facsimile: (424) 320-2642
4   jbolender@bolender-firm.com
5
    Robert B. Carey (*pro hac vice* pending)
6   John M. DeStefano (*pro hac vice* pending)
    E. Tory Beardsley (*pro hac vice* pending*)*
7   **HAGENS BERMAN SOBOL SHAPIRO LLP**
8   11 West Jefferson Street, Suite 1000
    Phoenix, Arizona 85003
9   Telephone: (602) 840-5900
    Facsimile: (602) 840-3012
10  rob@hbsslaw.com
    johnd@hbsslaw.com
11  torbyb@hbsslaw.com
12
    *Attorneys for Plaintiff*
13

14          THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

15              IN AND FOR THE COUNTY OF LOS ANGELES

16  HAROLD J. DAVIDSON, a married man, on
17  behalf of himself and all others similarly     No.   **19STCV33596**
    situated,
18                                                  CLASS ACTION COMPLAINT
19              Plaintiff,
                                                    JURY DEMAND
20      v.
21  USAA CASUALTY COMPANY, a Texas
    corporation,
22
23              Defendant.

24
25
26
27
28

**FILED**
Superior Court of California
County of Los Angeles

SEP 23 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
        Steven Drew

010790-12/1185113 V1

Ex. A - 2

09/24/2019

1

## TABLE OF CONTENTS

2
<u>Page</u>

3   I.    NATURE OF THE CASE ................................................................................1

4   II.    PARTIES AND JURISDICTION ..................................................................2

5   III.   FACTUAL ALLEGATIONS .........................................................................2

6         A.    USAA erroneously claims it is an excess insurance carrier to deny claims. ...........2

7         B.    As a primary insurer, USAA must defend and indemnify an uncovered insured....4

8         C.    USAA denied Plaintiff Davidson's claim citing the invalid "excess insurance"

9             clause................................................................................................................7

10   IV.   CLASS ACTION ALLEGATIONS ............................................................10

11   FIRST CAUSE OF ACTION (BREACH OF CONTRACT)........................................13

12   SECOND CAUSE OF ACTION (BAD FAITH BREACH OF INSURANCE CONTRACT).....14

13   THIRD CAUSE OF ACTION (VIOLATION OF THE BUSINESS AND PROFESSIONS CODE § 17200) ................................................................................15

14

15   FOURTH CAUSE OF ACTION (DECLARATORY RELIEF) .................................17

16   PRAYER FOR RELIEF ............................................................................................17

17   JURY DEMAND ......................................................................................................18

18

19

20

21

22

23

24

25

26

27

28

# I.     NATURE OF THE CASE

1.      When a person's home is covered by homeowners' insurance and damaged or destroyed, the homeowners' insurer must honor the terms of its insurance policy and promptly pay covered losses up to policy limits. In doing so, the insuring company must not misrepresent its obligations or mislead its insureds. Specifically, the homeowners' insurance carrier must not refuse payment based on the policy's "other insurance" clause where no other primary insurer has provided coverage.

2.      In handling property loss claims, USAA casualty company ("USAA")—violates this rule. USAA's homeowners' policy promises to cover on a primary basis all sudden and accidental direct, physical loss to (1) the "residence premises" (2) fixtures, alterations, and improvement to the "residence premises," (3) property that is the insured's responsibility under a property owners' agreement, and (4) structures other than the "residence premises" which are owned by the insured at the location of the residence premises." Despite this promise, USAA uses the "other insurance" provision in its contracts to declare itself an excess carrier and refuse to indemnify valid claims for policy holders whose dwellings are located within an insured community association until the limits of the association's policy are exhausted. USAA takes this approach even when the community association insurer does not indemnify and defend despite its legal and contractual obligation to provide first-dollar indemnification and defense.

3.      Additionally, USAA fails to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies and acts in bad faith by requiring its insureds to provide information relating to coverage instead of conducting its own reasonable investigation.

4.      USAA is a primary carrier. It cannot refuse to immediately defend or provide first-dollar coverage and leave its insureds twisting in the wind while their claims go uncovered.

5.      USAA's systematic refusal to indemnify valid claims until an association's coverage is exhausted violates its contracts with its insureds and laws relating to the settlement of property and casualty claims. USAA's actions also violate prohibitions on adjusting insurance claims in bad faith and constitute an unfair, unlawful, and deceptive business practice.

6.     Plaintiff brings this class action on behalf of himself and all individuals insured by USAA in California under a USAA homeowners', personal property, or renters' policy from the earliest allowable time to the date judgment enters whose property resides within an insured corporation or association of property owners, including those for whom USAA refused to immediately defend or provide first-dollar indemnification based on the existence of an association insurance policy when the other insurance provider did not cover the loss.

7.     Plaintiff seeks for himself and the Class compensatory damages, punitive damages, attorney's fees, and declaratory relief.

## II.     PARTIES AND JURISDICTION

8.     Plaintiff Harold J. Davidson was at all times a resident of the State of California. At all times pertinent, Plaintiff Davidson was insured under a homeowners' insurance policy with USAA that included dwelling protection coverage.

9.     Defendant USAA is an insurance corporation organized under the laws of Texas with its principal place of business in Texas, authorized to do business in the State of California.

10.     This court has jurisdiction under Article XI Section 10 of the California Constitution and section 410.10 of the California Code of Civil Procedure.

11.     Venue is proper in this court pursuant to Section 395 of the California Code of Civil Procedure because USAA transacts or has transacted business in Los Angeles County; USAA conducted activity that gave rise to Plaintiff's claims for relief within Los Angeles County; and part of the claims for relief arose in Los Angeles County.

## III.     FACTUAL ALLEGATIONS

**A.     USAA erroneously claims it is an excess insurance carrier to deny claims.**

12.     All allegations in previous paragraphs are incorporated herein by reference.

13.     USAA is a national property and casualty insurance company. USAA is licensed to and does issue insurance policies in all U.S. states.

14.     USAA must comply with the California Insurance Code (the "Code) § 790.03(h).

15.     The Code forms a part of the insurance contract between USAA and its California insureds.

16.     The Code prohibits insurance companies from knowingly committing or performing general business practices that amount to unfair claims settlement practices. Among other practices, USAA is barred from "[m]isrepresenting to claimants pertinent facts of insurance policy provisions relating to any coverage at issue," "[f]ailing to adopt and implement reasonable standards for the prompt investigations and processing of claims arising under insurance policies," and "[n]ot attempting in good faith to effectuate prompt, fair, an equitable settlements of claims in which liability has become reasonably clear."

17.     USAA touts itself as a reliable and trustworthy source of insurance coverage. On its website, USAA states, "[i]f something happens to your home, we'll take care of it as quickly as possible so you can get your life back on track." USAA claims to pledge itself to "the financial security of its members" and "core values of Service, Loyalty, Honesty and Integrity." But when its customers' homes and possessions are damaged, destroyed, or otherwise lost, USAA betrays these principles, playing games and putting profits ahead of people. USAA misconstrues its own insurance agreement to deny its customers the coverage they are entitled to, customers who have often lost their homes and/or valuable possessions and are relying on USAA to process claims fairly, so they can repair or replace the loss.

18.     USAA's standard form homeowners' insurance policy provides dwelling protection, which covers the loss of or damage to:

> (1) The alterations, appliances, custom or permanently installed window treatments, permanently installed carpeting, fixtures and improvements which are part of the building and contained within the "residence premises";
>
> (2) Items of real property which pertain exclusively to the "residence premises";
>
> (3) **Property which is your insurance responsibility under a corporation or association of property owners' agreement**; and
>
> (4) Structures owned solely by you, other than the "residence premises" at the location of the "residence premises"

(emphasis added) (the "Covered Property").

19.     USAA's standard form policy promises coverage for "sudden and accidental" direct, physical loss to the Covered Property.

010790-12/1185113 V1
- 3 -
CLASS ACTION COMPLAINT

20.     For homeowners' insurance claims, USAA promises in its standard form policy it will generally pay the insured the replacement cost of the Covered Property damaged, destroyed, or stolen, or in some cases the cost to repair or the actual cash value of the property.

21.     Specifically, the policy states, "We will pay our cost to repair or our cost to replace the damaged property with similar constructions and for the same use on the premises shown in the Declarations."

22.     Yet, USAA refuses to defend and indemnify its insureds' claims until an association's policy limits are exhausted, erroneously stating it is an excess carrier with no basis for this assertion in fact or in law.

23.     USAA cites an "other insurance" clause in its standard form policy to support its "excess carrier" position.  The clause states: "If, at the time of the loss, there is other insurance in the name of a corporation or association of property owners **covering the same property covered by this policy**, this insurance will be excess over the amount recoverable under such other insurance" (emphasis added).

24.     USAA is not converted to an excess carrier under this clause. USAA is a provider of primary coverage provider with an "other insurance" clause in its policy.

25.     The clause quoted above is merely an "other insurance" clause. Other insurance clauses in primary carrier policies do not convert a primary carrier to an excess carrier.

26.     Excess "other insurance" clauses do not discharge a primary carrier's obligation to provide coverage and defend and indemnify an exposed insured.

27.     Yet, USAA uses its "other insurance" clause to claim it is an excess carrier and deny claims of insureds whose property is within an insured community association.

**B.     As a primary insurer, USAA must defend and indemnify an uncovered insured.**

28.     USAA is a primary insurance coverage provider. The "other insurance" clause in its policy does not change this. When an insured has not been covered, USAA must defend and indemnify, including investigating and paying claims promptly in full, irrespective of the possibility of contribution from other insurers.

29.     Yet, USAA cites its "other insurance" clause to refuse to defend and indemnify dollar one of its insureds' valid claims when the property is within an insured community association even though no other primary carrier has been identified as having, let alone extending and discharging, coverage.

30.     USAA also fails to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies and acts in bad faith by requiring its insureds to provide information relating to coverage instead of conducting a reasonable investigation

31.     "Other insurance" clauses are intended to prevent an insured from recovering multiple times where various primary insurance policies cover a property. They are not intended to let primary carriers off the hook to the detriment of the insured.

32.   While a true excess carrier—one that explicitly provides excess and not primary coverage—has no duty to indemnify until all the underlying primary coverage is exhausted or otherwise not on the risk, a primary insurer with an excess "other insurance" clause can have immediate defense obligations when another primary insurer contains a competing excess "other insurance" clause.[1]

33.     If another primary carrier does not provide coverage, USAA, as a primary policy, must provide coverage.

34.     But USAA delays and denies coverage on the false premise that USAA can escape payment and need not indemnify if it declares itself excess to an association policy, no matter what the association insurer says.

35.     USAA's premise is false for several reasons. First, if an association insurance policy's scope of coverage does not include the loss, USAA is the sole applicable policy and it must defend and indemnify. Homeowners' policies and community association policies cover different losses. In these scenarios, where a homeowner sustains damage arising inside his or her unit, the Homeowner's insurer, the USAA policy affords primary coverage and the association

---

[1] *See Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal.App.4th 1279, 1304-05 (1998).

1   policy is inapplicable as it does not purport to provide coverage for such losses. Coverage only

2   becomes excess where another insurance policy is both available to the insured and collectible.[2]

3   Community association policies are not collectible in this scenario. USAA must defend and

4   indemnify.

5       36.     Second, if an association's policy covers the property but provides only true

6   "excess coverage"—that is, where benefits would not be collectible until the homeowner's

7   coverage is exhausted—then USAA would remain the primary policy and be required to defend

8   and indemnify. Similarly, if an association's insurance policy covering the property contains an

9   "other insurance" clause seeking to become excess or pay pro rata, USAA would still be

10  responsible for defending and indemnifying as a primary insurer, although it could seek equitable

11  contribution from the other insurer. As a practical matter, property and casualty policies

12  generally contain an "other insurance" clause, so any other policy covering the same loss is

13  almost certain to contain an "other insurance" clause, requiring USAA to defend and indemnify

14  on day one.

15      37.     Third, if no other primary carrier covering the property extends coverage, USAA

16  must defend and indemnify. Such insurance is not available and collectible, as required for

17  USAA to move to an excess position. USAA might later seek recourse through equitable

18  contribution from the other insurer, but USAA's rights against another insurer do not change its

19  duty as a primary insurer to defend and indemnify the claim when made, when the insured is not

20  being protected.

21      38.     USAA cannot unilaterally abdicate its obligation to defend and indemnify as

22  primary by including an escape clause. Such a scenario would create a windfall for primary

23  carriers by letting them receive primary policy premiums but avoid the obligations associated

24  with such coverage.

25      39.     Additionally, this practice would be detrimental to the insured who would have

26  paid primary premium rates for his or her personal policy, would have contributed to the

27

28      [2] *See Hellman v. Great Am. Ins. Co.*, 136 Cal. Rptr. 24 (Cal. Ct. App. 1977).

1    payment of an association's primary premium, and yet—despite paying for two policies—would

2    be left holding the bag when the covered property is damaged or destroyed.

3        40.    Where "other insurance" covering the same loss exists, USAA cannot refuse or

4    delay payment without a reasonable basis supporting its belief that the other insurer provides

5    coverage for the loss.

6        41.    Nonetheless, when an insured's Covered Property falls within the boundaries of

7    an insured community association, USAA systemically delays and denies coverage to its

8    insureds, wrongly asserting that USAA is an excess carrier and failing to perform a reasonable

9    investigation to determine whether another insurer has already agreed to coverage for the claim.

10       42. USAA is also obligated to adopt and implement reasonable standards for the prompt

11   investigation and processing of claims arising under insurance policies and acts in bad faith by

12   failing to do so.

13       43.    USAA also acts in bad faith by requiring its insureds to provide information

14   relating to coverage instead of conducting a reasonable investigation.

15   **C.    USAA denied Plaintiff Davidson's claim citing the invalid "excess insurance" clause**

16       44.    Plaintiff Davidson's home is located within the Irena Vista Homeowners

17   Association (the "HOA") in Redondo Beach, California.

18       45.    Plaintiff Davidson's home has been insured by USAA since 1959. His

19   homeowners' policy purports to provide over $500,000 in dwelling, personal property, personal

20   liability, and other coverage for Plaintiff Davidson and his spouse.

21       46.    June 8, 2018, Plaintiff Davidson made a claim for a leak which occurred inside

22   his residential unit when a plastic pipe connector cracked. Because of the water damage, Plaintiff

23   suffered a loss of more than $30,000.

24       47.    On June 8, 2018, USAA recommended Plaintiff Davidson hire USAA's

25   recommended contractor, Qwik Response Construction ("Qwik Response"), to repair the damage

26   under USAA's Property Direct Care Program ("PDCP"). USAA's letter further promised to

27   "[m]ail a claims payment check to the contractor" after reviewing and approving Qwik

28   Response's estimate.

48.     Relying on USAA's promise, Plaintiff promptly hired Qwik Response and Qwik Response repaired the damage to Plaintiff's home.

49.     Upon information and belief, USAA's preferred contractors may not commence work under the PDCP agreement until USAA reviews the estimates and authorizes the repairs.

50.     On July 20, 2018 Plaintiff Davidson received three separate notices via USAA's customer portal that USAA had issued three separate payments to Qwik Response and to Plaintiff to settle his claim. That same day, USAA notified Plaintiff Davidson via USAA's customer portal it had canceled each payment.

51.     The HOA's covenants, conditions, and restrictions plainly state:

> In the event the Board shall determine that the walls, ceiling, floors, doors, or windows or any other portion of the Common Areas forming the boundaries of a Unit have been damaged from within the Unit… the Owner of the Unit shall be responsible for repairing such damage in a timely manner….

52.     The HOA is not responsible for damage that occurs from within the unit. Nor does the HOA's insurance cover such damages. Because the leaks within Plaintiff Davidson's unit caused damage within the unit, the HOA validly and lawfully disclaimed liability for Plaintiff Davidson's claim.

53.     Nonetheless, USAA refused to pay Plaintiff Davidson's claim, citing the "other insurance" clause. USAA did so even though it is the primary carrier and despite not having any clear evidence that the other policy was both primary and devoid of an "other insurance" clause, and it did so without conducting a reasonable investigation as to the existence and terms of other coverage.

54.     Plaintiff Davidson provided USAA with correspondence from the HOA and its insurer disclaiming liability. USAA misconstrued those communications. USAA erroneously stated that Plaintiff Davidson had notified USAA that the HOA's insurer had offered to settle his claim. USAA informed Plaintiff Davidson that even though the damage was "sudden and unforeseeable" within the meaning of the policy, his claim was denied because the "HOA's insurance is clearly primary for [the] loss."

55.     Rather than agreeing to defend and indemnify as the primary insurer, USAA instructed Plaintiff Davidson to provide a letter of denial from the HOA's insurer and later instructed him to sue the HOA to obtain the coverage he was owed by USAA. USAA did so with no reason to believe that its policy did not afford primary coverage or that the HOA policy was collectible from the standpoint of Plaintiff Davidson.

56.     Plaintiff Davidson then retained counsel, who repeatedly requested that USAA provide the factual and legal basis for its denial of Plaintiff's claims under Section 2695.7(b)(1) of the California Code of Regulations.

57.     USAA continued to cite the "other insurance" clause, stating that the USAA policy is an excess policy because Plaintiff Davidson's HOA had an association policy covering his property as its basis for denial. USAA made this claim with no reason to believe that its policy did not afford primary coverage or that the HOA policy was collectible from the standpoint of Plaintiff Davidson.

58.     The USAA policy provides primary coverage. Its "other insurance" clause does not discharge USAA's responsibilities to defend and indemnify as a primary insurer. USAA, as a primary insurer, must defend and indemnify when no other collectible, available insurance exists and when no other insurer has defended and indemnified.

59.     USAA had no reasonable basis to believe another insurer had defended and indemnified the loss. Here, USAA had evidence to the contrary. Yet, USAA still refused to indemnify Plaintiff Davidson in bad faith.

60.     USAA's coverage position is directly contrary to the interests of the insured and California law.

61.     USAA has adopted and systematically adopts the "excess insurance" coverage position even though this position is contrary to the language of its insurance policies and the law of California.

62.     Additionally, USAA has adopted and systematically adopts this coverage position and denies or delays payment while wrongly claiming to be an excess carrier without conducting

09/24/2019

1    a reasonable investigation into existence and terms of coverage under a community association

2    policy.

3          63.      And, USAA acts in bad faith by failing to adopt and implement reasonable

4    standards for the prompt investigation and processing of claims arising under insurance policies

5    and acts in bad faith by requiring its insureds to provide information relating to coverage instead

6    of conducting a reasonable investigation.

7          64.      USAA has acted with at least reckless disregard of the rights of others by

8    manipulating its interpretation of the policy to settle homeowners' claims. USAA has devised a

9    coverage position that is unfair, misleading, deliberately inconsistent, and calculated to confuse

10    and deceive consumers and their advocates in the settlement process.

11          65.      Upon information and belief, USAA's practices have cost consumers millions of

12    dollars in losses as their claims go underpaid. Meanwhile, USAA reaps millions in wrongful

13    profits by betraying the trust of its consumers.

14                    **IV.     CLASS ACTION ALLEGATIONS**

15          66.      Plaintiff brings this action individually and as a class action on behalf of the

16    following Class and Subclasses:

17          Class:

18          All individuals insured by USAA in California under a USAA
homeowners', personal property, or renters' policy from the

19          earliest allowable time to the date judgment enters whose property
resides within an insured corporation or association of property

20          owners.

21          Damages Subclass:

22          All members of the Class who made a claim under their USAA
homeowners', personal property, or renters' policy, did not receive

23          first-dollar indemnification by USAA because of USAA's "other
insurance" clause, and did not receive first-dollar indemnification

24          from at least one insurer for "a corporation or association of
property owners."

25

26

27    (collectively, the "Class"). Excluded from the Class is Defendant herein and any person, firm,

     trust, corporation or other entity related to or affiliated with Defendant.

28

67.     This action is properly maintainable as a class action.

68.     While the exact number of Class members cannot be determined, the Class consists of at least hundreds of persons throughout California. The members of the Class are therefore so numerous that joinder of all members is impracticable. The exact number of Class members can readily be determined by documents produced by USAA.

69.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. The common questions include the following:

    i.      Whether USAA was a primary insurer under the policy;

    ii.     Whether USAA can deny claims based solely on the existence of a community association insurance policy;

    iii.    Whether USAA must pay claims when the community association has an excess policy;

    iv.     Whether USAA must pay claims when the community association has a primary coverage obligation and the association's policy contains an "other insurance" clause;

    v.      Whether USAA had any reasonable basis to believe that any community association policy provided primary coverage but did not contain an "other insurance" clause;

    vi.     Whether USAA had any reasonable basis to believe that any community association policy was collectible for the insured;

    vii.    Whether USAA underpaid and denied coverage because it purported to be an excess carrier without ascertaining whether the property was covered by another insurance policy;

    viii.   Whether, through the foregoing practices, USAA breached its contracts with its insureds;

    ix.     Whether, through the foregoing practices, USAA engaged in unfair claims settlement practices;

010790-12/1185113 V1

- 11 -

CLASS ACTION COMPLAINT

x.      Whether, through the foregoing practices, USAA violated the California Business and Professions Code § 17200;

xi.     Whether, through the foregoing practices, USAA misrepresented facts of insurance policy provisions relating to any coverage at issue;

xii.    Whether, through the foregoing practices, USAA failed to adopt and implement reasonable standards for the prompt investigations and processing of claims arising under insurance policies;

xiii.   Whether, through the foregoing practices, USAA did not attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

xiv.    Whether the Class was injured by USAA's practices;

xv.     Whether USAA's actions constituted bad faith;

xvi.    Whether Plaintiff and the Class are entitled to an award of compensatory damages;

xvii.   Whether Plaintiff and the Class are entitled to an award of punitive damages;

xviii.  Whether Plaintiff and the Class are entitled to an award of attorney's fees;

xix.    Whether Plaintiff and the Class are entitled to declaratory relief.

70.     Plaintiff has the same interests as all other members of the Class, and his claims are typical of those of all members of the class. Plaintiff's claims are coincident with and not antagonistic to those of other Class members they seek to represent. Plaintiff and all Damages Subclass members have sustained damages arising out of USAA's common course of conduct as outlined herein. The damages of each class member were caused by USAA's wrongful conduct.

71.     Plaintiff is committed to pursuing this action and has retained competent class counsel experienced in insurance litigation and class action litigation. Plaintiff will fairly and adequately represent the interests of the class members.

72.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

73.     Plaintiff anticipates there will be no difficulty in the management of this litigation as a class action. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

74.     Defendant has acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

75.     Class certification is appropriate because the common questions of law and fact enumerated above predominate over questions affecting only individual members of the class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Plaintiff's counsel, highly experienced in insurance litigation and class action litigation, foresees little difficulty in the management of this case as a class action.

## FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

76.     Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth herein.

77.     The USAA insurance contract specifically provides for full coverage for the damage or loss to the Covered Property.

78.     USAA has breached the contract by erroneously determining USAA is an excess carrier and refusing to defend and indemnify homeowners' claims as a primary insurer in accordance with that determination. USAA breached the contract and state law because it is a primary insurer and under California law, USAA has no legal basis to refuse to defend and indemnify until all other primary coverage is exhausted, and USAA cannot refuse to defend and

1   indemnify valid claims until all other primary coverage is exhausted solely based on the

2   existence of the "other insurance" clause.

3        79.    As a primary insurer, USAA must step up and defend and indemnify valid claims

4   where no other insurer has covered and was collectible from the standpoint of the insured.

5        80.    USAA's numerous breaches have resulted in a systematic failure to pay

6   homeowners' claims as required by contract.

7        81.    USAA's breaches and violations have caused damage to Plaintiff and the Class.

8   **SECOND CAUSE OF ACTION**
**(BAD FAITH BREACH OF INSURANCE CONTRACT)**

9

10        82.    Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth

11   herein.

12        83.    USAA owed Plaintiff and Class members, as its insureds, a duty of good faith and

13   fair dealing under the insurance contract and while providing automobile insurance coverage,

14   including when handling total loss claims for its insureds.

15        84.    USAA lacked a reasonable basis for refusing to defend and indemnify valid

16   claims until all other primary coverage is exhausted by Plaintiff and the Class. The policy

17   provided for dwelling protection. USAA knew that it was required by contract to immediately

18   defend and indemnify where no other primary insurer has done so, or recklessly disregarded that

19   it had to do so.

20        85.    USAA knew that it was a primary insurance carrier. USAA had no reasonable

21   basis to believe it was an excess carrier or that another carrier had covered the loss and was

22   collectible from the standpoint of the insured, but still invoked its "other insurance" clause to

23   erroneously claim it was an excess carrier and to refuse to defend and indemnify valid claims

24   until all other primary coverage is exhausted.

25        86.    USAA purposefully, in bad faith, and without regard to the rights of the Plaintiff

26   and the Class, denied coverage. USAA's actions breached the insurance contract and were

27   unreasonable, frivolous, and unfounded.

28

09/24/2019

87.     USAA's unfair acts and/or acts of bad faith include erroneously claiming it is an excess carrier in an attempt to reduce its coverage obligations as well as by informing Plaintiff and Class members that their claims are covered by other insurance without a reasonable basis to believe that USAA's policy does not afford primary coverage before refusing to defend and indemnify valid claims until all other primary coverage is exhausted.

88.     Additionally, USAA acted in bad faith by failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies. And by requiring its insureds to provide information relating to coverage instead of conducting a reasonable investigation.

89.     By its conduct, USAA breached the insurance contract in bad faith.

90.     USAA's bad faith breach of the insurance contract caused Plaintiff and Class members to incur damages as more fully set forth below.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE BUSINESS AND PROFESSIONS CODE § 17200)

91.     Plaintiff hereby incorporates and adopts by reference each allegation set forth in the preceding paragraphs of this Complaint.

92.     California Business and Professions Code § 17200 (the "Unfair Competition Law") prohibits acts of "unfair competition" including and "unlawful, unfair or fraudulent business act of practice."

93.     USAA violated the Unfair Competition Law by violating the California Insurance Code (the "Code") § 790.03(h).

94.     USAA violated the Unfair Competition Law when it denied Class members coverage by misrepresenting itself as an excess carrier.

95.     USAA violated the Unfair Competition Law by informing Plaintiff and Class members that their claims are covered by other insurance when no other primary carrier has covered the loss and was collectible from the standpoint of the insured.

96.     USAA acted without conducting a reasonable investigation into the existence and terms of other coverage or establishing standards for such an investigation before delaying, underpaying, and/or denying coverage.

97.     USAA violated the Unfair Competition Law when it did not effectuate prompt, fair, and equitable settlements of Class members' claims when liability had become reasonably clear.

98.     USAA violated the unfair competition law when it breached the covenant of good faith and fair dealing in settling total loss claims as described above.

99.     USAA's actions violate the unlawful prong of section 17200 because they violate California's express statutory and regulatory requirements regarding insurance claims handling, including those set forth above.

100.     USAA's actions violate the unfair prong of section 17200 because the acts and practices set forth above, including USAA's use of an invalid insurance policy term, USAA's misrepresentation of the benefits under insurance policies, and USAA's failure to adequately investigate property loss claims, offend established public policy, and because the harm they cause to consumers greatly outweighs any benefits associated with those practices. USAA's actions also violate the unfair prong because they constitute a systematic breach of consumer contracts.

101.     USAA has violated the fraudulent business practices prong of section 17200 because the misrepresentations and omissions regarding the insurance policies and Plaintiff's rights under the policy, including without limitation purporting to be an "excess" carrier where USAA clearly provides primary coverage, were likely to deceive a reasonable consumer, and the information would be material to a reasonable consumer.

102.     To date, USAA continues to violate the Unfair Competition law by breaching its insurance contracts and the covenant of good faith and fair dealing as described previously.

## FOURTH CAUSE OF ACTION
## (DECLARATORY RELIEF)

103.    Plaintiff re-alleges and incorporates the preceding paragraphs as if set forth herein.

104.    Plaintiff brings this cause of action for himself and the Class seeking a declaration that, for those who maintain a homeowners' insurance policy with USAA containing an excess clause, denying coverage under that clause based solely upon the existence of an HOA policy violates the law because as primary, USAA must defend and indemnify.

105.    This court has the power to declare the rights of the USAA policyholders including those who would be insured under such policies and who may suffer similar losses and those who have suffered claims-related losses.

106.    Plaintiff, for himself and on behalf of the Class, seeks a declaration of rights under the USAA policy and seeks a declaration of the rights and liabilities of the parties herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following judgment:

A.     Declaring that this action is properly maintainable as a class action;

B.     An Order appointing Plaintiff as Class representative and appointing the undersigned counsel to represent the Class;

C.     Declaratory relief declaring that for those who maintain a homeowners' insurance policy with USAA containing an "other insurance" clause, refusing to defend and indemnify until other insurance is exhausted under that clause based solely upon the existence of an HOA policy violates the law because in that scenario, USAA lacks any basis to believe that USAA's policy does not afford primary coverage or that any other policy is collectible from the standpoint of the insured. Plaintiff and the Class are entitled to first-dollar coverage absent reasonably clear evidence that another insurer has provided primary coverage and is collectible.

D.     Punitive damages;

E.     Compensatory damages as warranted by USAA's breach of the contracts of insurance;

1    F.    Individual trials on bad faith damage claims;

2    G.    An award of attorney's fees and costs, as provided by law and/or as would be

3  reasonable from any recovery of monies recovered for or benefits bestowed upon the class; and

4    H.    Such other and further relief as this Court may deem just, equitable, or proper,

5  including a designation that any unclaimed monies may go to the next best use.

6                              **JURY DEMAND**

7    Plaintiff demands a trial by jury of the claims asserted in this complaint so triable.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: September 23, 2019

Respectfully submitted by,

**BOLENDER LAW FIRM, PC**

By:_____
    Jeff Bolender (SBN 174423)
2276 Torrance Blvd.
Torrance, CA  90501
Telephone:  (310) 320-0725
Facsimile:  (424) 320-2642
jbolender@bolender-firm.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**

Robert B. Carey (*pro hac vice* pending)
John M. DeStefano (*pro hac vice* pending)
E. Tory Beardsley (*pro hac vice* pending)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
rob@hbsslaw.com
johnd@hbsslaw.com
toryb@hbsslaw.com

ORIGINAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jeff Bolender, SBN: 174423<br>Bolender Law Firm, PC<br>2276 Torrance Blvd.<br>Torrance, CA 90501 | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.: 310.320.0725    FAX NO.: 424.320.2642
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**FILED**
Superior Court of California
County of Los Angeles

SEP 23 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Steven Drew

CASE NAME:
Harold J. Davidson v. USAA Casualty Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>**19STCV33596** |
|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☑ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 3 breach of contract, bad faith breach of insurance, unfair business practices
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 23, 2019

Jeff Bolender
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

09/24/2019

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

---

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Ex. A - 24

ORIGINAL

| SHORT TITLE: Davidson v. USAA Casualty Co. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

Ex. A - 25

09/24/2019

| SHORT TITLE: Davidson v. USAA Casualty Co. | | CASE NUMBER |
|---|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | ☐ A6032  Quiet Title | 2, 6 |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

09/24/2019

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

Ex. A - 26

| SHORT TITLE: Davidson v. USAA Casualty Co. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐  A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐  A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☑  A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐  A6160  Abstract of Judgment | 2, 6 |
| | | ☐  A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐  A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐  A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐  A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐  A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐  A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐  A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐  A6190  Election Contest | 2 |
| | | ☐  A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐  A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐  A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

Ex. A - 27

| SHORT TITLE: Davidson v. USAA Casualty Co. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS. |
|---|---|
| CITY: | STATE: | ZIP CODE: |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __09/23/19__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Ex. A - 28