SCHIFF HARDIN LLP
Jean-Paul P. Cart (CSB 267516)
jcart@schiffhardin.com
4 Embarcadero Center, Suite 1350
San Francisco, CA 94111
Telephone: 415.901.8700
Facsimile:  415.901.8701

Attorneys for Defendant
UNITED SERVICES AUTOMOBILE ASSOCIATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HAROLD J. DAVIDSON, a married man, on behalf of himself and all others similarly situated, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION,<br><br>Defendant. | Case No. 2:20-cv-00527-CJC-MAA<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AND FOURTH CAUSES OF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: March 23, 2020<br>Time: 1:30 p.m.<br>Dept.: 7C<br><br>Judge: Hon. Cormac Carney |

# NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 23, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Cormac Carney in Courtroom 7C of the above-captioned Court, located at 350 West 1st Street, Los Angeles, California 90012, Defendant United Services Automobile Association ("USAA") will and hereby does move for an order dismissing the Third and Fourth Causes of Action in Plaintiff Harold Davidson's ("Plaintiff") Complaint.

This Motion is made on the following grounds: (1) Plaintiff's Third Cause of Action for violation of Section 17200 of the California Business and Professions Code should be dismissed because the only remedies sought by Plaintiff are not recoverable under this statutory scheme; (2) Plaintiff's Third Cause of Action for violation of Section 17200 of the California Business and Professions Code should be dismissed because this statutory scheme is equitable and nature, and Plaintiff has an adequate legal remedy; and (3) Plaintiff's Fourth Cause of Action for declaratory relief should be dismissed because Plaintiff has an adequate legal remedy.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on February 7, 2020 between Jean-Paul P. Cart and John DeStefano. Because USAA was unable to initiate this conference seven days prior to the date of this filing, it has noticed the hearing on the motion to provide Plaintiff with two additional weeks to oppose the Motion. Accordingly, Plaintiff will have nearly a month to evaluate the Motion and determine whether to oppose or amend.

USAA's Motion to Dismiss is based on this Notice of Motion and Motion, the below Memorandum of Points and Authorities, the concurrently filed [Proposed] Order, all other matters of which the Court may take judicial notice, and all other arguments, evidence, and submissions as may be presented before or at the hearing on USAA's Motion to Dismiss.

| | | |
|---|---|---|
| 1 | Dated: February 7, 2020 | SCHIFF HARDIN LLP |
| 2 | | |
| 3 | | By: */s/ Jean-Paul P. Cart* |
| 4 | | Jean-Paul P. Cart |
| 5 | | Attorneys for Defendant UNITED SERVICES AUTOMOBILE ASSOCIATION |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Harold J. Davidson ("Plaintiff") has brought this action asserting that Defendant United Services Automobile Association ("Defendant" or "USAA") breached his homeowners insurance policy by failing to pay his insurance claim. This is a straightforward breach-of-contract action seeking damages for Defendant's alleged non-performance of its contractual obligations. Plaintiff's Class Action Complaint ("Complaint") contains claims for breach of contract (First Cause of Action), bad-faith breach of contract (Second Cause of Action), alleged violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 (Third Cause of Action), and for declaratory relief (Fourth Cause of Action). The Third and Fourth Causes of Action of the Complaint should be dismissed.

First, Plaintiff seeks compensatory and punitive damages, but a UCL claim is equitable in nature, and does not provide for a damages remedy. Second, the UCL claim should be dismissed because Plaintiff has an adequate legal remedy: a claim for breach of his insurance policy. Finally, the declaratory relief claim should also be dismissed because Plaintiff has an adequate legal remedy in the form of his contract claims. Accordingly, Defendant respectfully requests that the Court dismiss Plaintiff's Third and Fourth Causes of Action with prejudice.

## II. STATEMENT OF FACTS

On September 23, 2019, Plaintiff filed his original Complaint in Los Angeles Superior Court. Defendant timely removed this case on January 17, 2020. (Dkt. 1.)

Plaintiff alleges that he submitted a claim under his homeowners insurance policy with USAA and that USAA improperly denied his claim. (Cmplt. ¶¶ 46, 53.) Plaintiff asserts that his insured premises were in a homeowners association and that USAA allegedly used the "other insurance" provision in the policy to

"declare itself an excess carrier and refuse to indemnify valid claims for policy holders whose dwellings are located within an insured community association until the limits of the association's policy are exhausted." (*Id.* ¶ 2.) Plaintiff asserts that his homeowners policy provides $500,000 in coverage (*id.* ¶ 45) and that on June 8, 2018, he suffered a loss of "more than $30,000" when a plastic pipe connector cracked, causing a leak (*id.* ¶ 46). Plaintiff brings the Action on behalf of himself and a putative Class and Damages Subclass of USAA insureds. (*Id.* ¶ 66.)

The Complaint alleges four causes of action. The First Cause of Action is for breach of contract. (*Id.* ¶¶ 76-81.) The Second Cause of Action is for bad-faith breach of contract. (*Id.* ¶¶ 82-90.) The Third Cause of Action is for alleged violations of the UCL. (*Id.* ¶¶ 91-102.) The Fourth Cause of Action is for declaratory relief and seeks a declaration that "for those who maintain a homeowners' insurance policy with USAA containing an 'other insurance' clause, refusing to defend and indemnify until other insurance is exhausted under that clause based solely upon the existence of an HOA policy violates the law because in that scenario, USAA lacks any basis to believe that USAA's policy does not afford primary coverage or that any other policy is collectible from the standpoint of the insured. Plaintiff and the Class are entitled to first-dollar coverage absent reasonably clear evidence that another insurer has provided primary coverage and is collectible." (*Id.* ¶¶ 103-106 & p.17 (Prayer for Relief ¶ C).)

In addition to declaratory relief, Plaintiff seeks "compensatory damages as warranted by USAA's breach of the contracts of insurance," "individual trials on bad faith damage claims," punitive damages, and attorneys' fees and costs. (*Id.* ¶ 7 & pp.17-18 (Prayer for Relief).)

## III. ARGUMENT

### A. A UCL Claim Is Equitable in Nature, and Does Not Provide for a Damages Remedy.

In his Complaint, Plaintiff seeks two forms of monetary relief:

(1) compensatory damages for breach of contract (Cmplt. at pg. 17 (Prayer for Relief at E)), and (2) punitive damages (*id*. at E), including "individual trials on bad faith damage claims" (*id*. at F). Neither of these remedies is permissible under the UCL. *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal. 4th 1134, 1144 (2003) ("UCL action is equitable in nature; damages cannot be recovered"). Accordingly, because Plaintiff is not seeking any remedy authorized under the UCL, his claim should be dismissed. *See, e.g.*, *Stars & Bars, LLC v. Travelers Cas. Ins. Co. of Am.*, No. SACV1601397CJCSSX, 2016 WL 9414093, at *2-4 (C.D. Cal. Oct. 6, 2016); *BioResource, Inc. v. U.S. Pharmaco Distribution, Ltd*., No. C 10-1053 SI, 2010 WL 2763681, at *3 (N.D. Cal. July 13, 2010).

**B. Plaintiff's UCL Claim Should Also Be Dismissed Because Plaintiff Has Adequate Legal Remedies.**

Plaintiff's UCL claim should also be dismissed because he has an adequate legal remedy: a damages claim for breach of contract.

"A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available." *Philips v. Ford Motor Co.*, No. 14–CV–02989–LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) (citing *Knox v. Phoenix Leasing, Inc.*, 29 Cal. App. 4th 1357, 1368 (1994)); *see Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy exists at law."). For these reasons, courts require plaintiffs seeking equitable relief "to allege some facts suggesting that damages are insufficient to make them whole." *Gomez v. Jelly Belly Candy Company*, No. EDCV 17–00575–CJC(FFM) 2017 WL 8941167, at *1 (C.D. Cal. August 18, 2017); *see also Adams v. I–Flow Corp.*, No. CV09–09550 R SSX, 2010 WL 1339948, at *7 (C.D. Cal. Mar. 30, 2010).

This principle applies with particular force to a claim, like Plaintiff's, for benefits under an insurance policy. Courts have dismissed UCL claims in insurance coverage cases because "the plaintiff's proper remedy is to sue for breach

of contract to recover any benefits that are due under the policies." *McAdam v. State Nat'l Ins. Co.*, No. 12–1333, 2012 WL 4364655, at *2 (S.D. Cal. Sept. 24, 2012) (dismissing UCL claim involving unpaid insurance proceeds because plaintiff could recover benefits "through his breach of contract claim."); *Allstate Ins. Co. v. Barnett*, No. 10–0077 EMC, 2011 WL 2415383, at *9 (N.D. Cal. June 15, 2011) (dismissing UCL claim in part because breach of contract claim regarding homeowners insurance policy provided adequate remedy); *Stewart v. Life Ins. Co.*, 388 F. Supp. 2d 1138, 1144 (E.D. Cal. 2005) (dismissing UCL claim because the "breach of contract claim [for failure to pay life insurance benefits] will provide any benefits [plaintiff] is due.").

Here, Plaintiff seeks monetary relief in the form of the amounts that USAA allegedly refused to pay him for his insurance claim. (Cmplt. at pg. 17 (Prayer for Relief at E), ¶¶ 79-81, 89-90.)  These damages are not recoverable under the UCL, *see* Section III(A), *supra*, but they are available under Plaintiff's claim for breach of contract.  Accordingly, Plaintiff's contract claim provides an adequate legal remedy, and his UCL claim should be dismissed for this reason as well.  Because this defect cannot be cured by amendment, Plaintiff's UCL claim should be dismissed without leave to amend.

### C. Plaintiff's Claim for Declaratory Relief Should Be Dismissed Because He Has Adequate Legal Remedies.

Plaintiff's claim for declaratory relief should also be dismissed because Plaintiff has adequate legal remedies.

Under California Law, "declaratory relief will not be granted where there is a plain, complete, speedy, and adequate remedy at law." *Flying Dutchman Park, Inc. v. City & Cty. of San Francisco*, 93 Cal. App. 4th 1129, 1138, (2001), *as modified* (Dec. 5, 2001); *see also  Akhavein v. Argent Mortgage Co.*, No. 09–cv–00634 RMW (RS), 2009 WL 2157522, at *5 (N.D. Cal. July 18, 2009) ("A claim for declaratory relief is unnecessary where an adequate  remedy exists under some

other cause of action"; dismissing declaratory relief claim when plaintiff borrowers sought "declaratory relief to resolve disputes arising from 'the rights and duties of the parties under the various statutes at issue in this litigation, the ownership to the Property, and/or right of foreclosure'").

Here, Plaintiff's declaratory claim is duplicative of his breach-of-contract claim, which provides an adequate remedy at law. *See, e.g., Diversified Capital Investments, Inc. v. Sprint Commc'ns, Inc.*, No. 15-CV-03796-HSG, 2016 WL 2988864, at *9 (N.D. Cal. May 24, 2016) (dismissing declaratory relief claim because it was "plainly duplicative of its breach of contract claim," and "[d]eciding that claim will necessarily determine the substance of Plaintiff's declaratory relief claim. . . . [T]he declaratory relief claim adds nothing to the remedy available to Plaintiff.") *see also Reyes v. Nationstar Mortgage*, 2015 WL 4554377, at *7-8 (N.D. Cal. Jul. 28, 2015) (dismissing declaratory relief action related to breach of contract because breach of contract claim provided adequate legal remedy); *Osseous Techs. of Am., Inc. v. DiscoveryOrtho Partners LLC*, 191 Cal. App. 4th 357, 375 (2010) (affirming trial court's dismissal of declaratory claim because Plaintiff had adequate remedy in contract claim).  Because this defect cannot be cured by amendment, Plaintiff's declaratory relief claim should be dismissed without leave to amend.

## IV.  CONCLUSION

Defendant respectfully requests that the Court dismiss Plaintiff's Third and Fourth Causes of Action with prejudice.

| | | |
|---|---|---|
| 1 | Dated: February 7, 2020 | SCHIFF HARDIN LLP |
| 2 | | |
| 3 | | By: */s/ Jean-Paul P. Cart* |
| 4 | | Jean-Paul P. Cart |
| 5 | | Attorneys for Defendant<br>UNITED SERVICES<br>AUTOMOBILE ASSOCIATION |